UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR PARHAM,Plaintiff,v.UNITED STATES OF AMERICA,Defendant. | No. 23 C 3391Judge Bucklo |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, United States of America, by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

Plaintiff's injuries were caused in whole or part by his own negligence in failing to timely seek care or to communicate with defendant for his developing infection. Plaintiff also negligently failed to keep his voicemail operable so that he could receive communication from the defendant. Plaintiff's fault was more than 50% of the cause of the injury or damage for which recovery is sought, and plaintiff is thus barred from any recovery against the United States. Alternatively, plaintiff's fault and negligence must be compared against the fault and negligence, if any, of defendant United States, and plaintiff's recovery, if any, must be proportionately diminished. *See* 735 ILCS 5/2-1116.

### Second Defense

Plaintiff had a duty to mitigate any damage arising from the alleged negligence of defendant. Plaintiff breached this duty by failing to timely seek follow-up care or to communicate with defendant for his developing infection. Plaintiff also negligently failed to keep his voicemail

operable so that he could receive communication from the defendant. Plaintiff is thus barred in whole or part from recovery against the United States.

### Third Defense

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

### Jurisdiction & Venue

1. **Complaint:** Plaintiff, VICTOR PARHAM, is a resident of Riverdale, Illinois.

    **Response:** Admit.

2. **Complaint:** Defendant, UNITED STATES OF AMERICA, is amenable to suit pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. §1346(b), and 38 U.S.C. §7316 because the acts and omissions resulting in damages for personal injury alleged in this Complaint, were caused by the negligence of healthcare employees of Jesse Brown V.A. Medical Center in Chicago, Illinois.

    **Response:** Admit that the United States is subject to suit under the provisions of the Federal Tort Claims Act. Deny the remaining allegations of this paragraph.

3. **Complaint:** Pursuant to 28 U.S.C. §1402, this Court has exclusive subject matter jurisdiction over the United States of America.

    **Response:** Deny. Admit that the court has jurisdiction under 28 U.S.C. § 1346(b).

4. **Complaint:** Venue in this Court is proper pursuant to 28 U.S.C. §1402(b).

    **Response:** Admit.

5. **Complaint:** On September 7, 2021, in conformity with 28 U.S.C. §2675, Plaintiff, VICTOR PARHAM, submitted written notice to the Department of Health and Human Services, Office of the General Counsel, General Law Division-Claims Office ("DHHS"), setting forth Plaintiff's claim for damages. On March 2, 2023, Plaintiff was notified that his claim had been denied.

    **Response:** Deny. Admit that plaintiff submitted an administrative claim that the Department of Veterans Affairs received on or about September 16, 2021, and denied on March 2, 2023.

7.[*sic*][1] **Complaint:** On May 30, 2023, after all administrative remedies were exhausted, Plaintiff filed this action.

**Response:** Admit.

### Statement of the Claim

8. **Complaint:** On, before, and after October 18, 2019, Christopher Lopez, DPM, was a physician licensed to practice his profession in the State of Illinois and held himself out to members of the public, including VICTOR PARHAM, as having specialized training and expertise in podiatry.

**Response:** Admit.

9. **Complaint:** On and after October 18, 2019, Christopher Lopez, DPM, was employed as a podiatrist at Jesse Brown VA Medical Center.

**Response:** Admit.

10. **Complaint:** On October 18, 2019, VICTOR PARHAM came under the care and treatment of healthcare employees of Jesse Brown VA Medical Center.

**Response:** Admit.

11. **Complaint:** On October 18, 2019, VICTOR PARHAM was evaluated by Christopher Lopez, DPM, following a prior diagnosis of left heel ulceration.

**Response:** Admit plaintiff was seen by Dr. Lopez on October 18, 2019, for follow up after being diagnosed on October 3, 2019, with a left heel ulceration.

12. **Complaint:** On October 18, 2019, Christopher Lopez, DPM, performed a debridement of the left heel ulcer and ordered the ulcer cultured and x-ray.

**Response:** Admit.

13. **Complaint:** On October 18, 2019, VICTOR PARHAM underwent an x-ray of the left foot, including the heel, which was negative for osteomyelitis.

**Response:** Admit.

14. **Complaint:** On October 18, 2019, the above ulcer culture was positive for citrobacter freundii, enterococcus faecalis, prevotellasp, and gram positive coccus.

**Response:** Admit that culture of a sample obtained on October 18, 2019,

---

[1] The complaint does not have a paragraph numbered 6.

subsequently returned positive results for the cited bacteria. Defendant otherwise denies the allegations of this paragraph.

15. **Complaint:** On October 18, 2019, VICTOR PARHAM was discharged home from Jesse Brown VA Medical Center.

**Response:** Deny that plaintiff was ever admitted to the Jesse Brown VA Medical Center on an inpatient basis in October 2019. The October 18, 2019, visit was on an outpatient basis and therefore did not involve a discharge.

16. **Complaint:** At the time of discharge, VICTOR PARHAM was not scheduled for follow-up consultation, was not provided antibiotics, and was not provided a prescription for antibiotics.

**Response:** Admit that at the time plaintiff departed the Podiatry Clinic on October 18, 2019, he was not provided antibiotics and a prescription for antibiotics had not yet been issued. Deny the remaining allegations of this paragraph.

17. **Complaint:** On October 26, 2019, VICTOR PARHAM presented to Ingalls Memorial Hospital where he was diagnosed with gangrene of the left foot.

**Response:** Admit.

18. **Complaint:** On October 26, 2019, VICTOR PARHAM was admitted to Ingalls Memorial Hospital.

**Response:** Admit.

19. **Complaint:** On October 28, 2019, VICTOR PARHAM underwent surgery including left leg amputation.

**Response:** Admit.

20. **Complaint:** At all times material, defendant UNITED STATES OF AMERICA, by and through its authorized agents and employees of Jesse Brown VA Medical Center, including but not limited to, Christopher Lopez, DPM, had a duty to exercise reasonable care in connection with his care and treatment of VICTOR PARHAM.

**Response:** Admit that the VA Medical Center and its employees had a duty to exercise reasonable care in connection with their treatment of plaintiff. Defendant otherwise denies the allegations of this paragraph.

21. **Complaint:** Between October 18 and October 26, 2019, defendant, UNITED STATES OF AMERICA, by and through its employees at Jesse Brown VA Medical Center, including but not limited to, Christopher Lopez, DPM, was negligent in one or more of the following respects:

> a. Failed to timely diagnose infection;
> b. Failed to treat infection;
> c. Failed to timely prescribe or otherwise provide antibiotics;
> d. Failed to communicate results of abnormal culture to patient;
> e. Failed to admit patient; or
> f. Failed to schedule timely follow up consultation.

**Response:** Deny,

22. **Complaint:** As a proximate result of one or more of the above negligent acts and/or omissions of defendant, UNITED STATES OF AMERICA, by and through its employees at Jesse Brown VA Medical Center, including but not limited to, Christopher Lopez, DPM, VICTOR PARHAM, was seriously injured and caused to suffer damages of personal, pecuniary, and permanent nature, including but not limited to, amputation of the left leg.

**Response:** Deny.

23. **Complaint:** Attached hereto and made a part hereof are an Affidavit of Plaintiff's counsel and a medical from a reviewing healthcare professional submitted pursuant to §2-622 of the Illinois Code of Civil Procedure.

**Response:** Admit that plaintiff's counsel signed and attached to the complaint an affidavit attesting that he had obtained a medical report from an unidentified physician supporting the merit of plaintiff's cause of action. Deny the merit of the underlying claim.

WHEREFORE, the defendant requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

> Respectfully submitted,
>
> MORRIS PASQUAL
> Acting United States Attorney
>
> By: s/ Jonathan Haile
>     JONATHAN HAILE
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 886-2055
>     jonathan.haile@usdoj.gov